## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

STEPHANIE RAMOS,
an individual,

        Plaintiff,

v.

                              Case No.:

LEXISNEXIS RISK SOLUTIONS, INC.
a foreign for-profit corporation,

        Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, STEPHANIE RAMOS (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, LEXISNEXIS RISK SOLUTIONS, INC. (hereinafter, "Defendant" or "Lexis"), In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer for damages for Lexis's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Lexis improperly credit-reported and subsequently verified objectively-inaccurate information respectively, on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Lexis.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section

1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

3.     Lexis is subject to the jurisdiction of this Court, as Lexis regularly transacts business in this District.

4.     Venue is proper in this District as Lexis conducts business in this District, and the acts and transactions described herein occur in this District.

5.     At all material times herein, Plaintiff is a natural person residing in Miami-Dade County, Florida.

6.     At all material times herein, Lexis is a Georgia corporation with its principal place of business located at 1000 Alderman Drive, Alpharetta, Georgia 30005.

**FCRA STATUTORY STRUCTURE**

7.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

8.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

9.     Under the FCRA, if a consumer disputes the completeness or accuracy

of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge— and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

10.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

11.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

12.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other

3

consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

13.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

14.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## **GENERAL ALLEGATIONS**

15.     At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

16.     At all material times herein, Lexis, themselves and through their subsidiaries, each regularly services consumer credit and credit-reports information associated with the same in Miami-Dade County, Florida.

17.     At all material times herein, Lexis is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages

in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Lexis disburses such consumer reports to third parties under contract for monetary compensation.

18.     At all material times herein, Lexis acts themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

19.     All necessary conditions precedent to the filing of this action occurred, or Lexis waived or excused the same.

## FACTUAL ALLEGATIONS

20.     In or around September 2023, Plaintiff attempted to obtain car insurance from State Farm.

21.     As part of its screening and approval process, State Farm accessed and obtained Plaintiff's Lexis Report.

22.     Unbeknownst to Plaintiff, her Lexis Report was flooded with inaccurate and derogatory information.

23.     Specifically, a "Stephanie Muguira" and "Jennifer Paredes" were listed on her Lexis Report, including five automobile insurance claims that were not Plaintiff's.

24.     As a result, State Farm denied extending car insurance to Plaintiff.

## PLAINTIFF'S DISPUTES

25.     On or about January 30, 2024, Plaintiff disputed the inaccurate information contained on her Lexis Report to Lexis ("First Dispute").  A true and

correct copy of the First Dispute is attached as Ex. A.

26.     In response to Plaintiff's First Dispute Letter, Lexis failed to correct any of the inaccurate information reporting on Plaintiff's Lexis Report.

27.     As such, on or about March 29, 2024, Plaintiff disputed the inaccurate information on her Lexis Report to Lexis ("Second Dispute").  A true and correct copy of Plaintiff's Second Dispute is attached as Ex. B.

28.     Within her Second Dispute, Plaintiff enclosed her driver's license, social security card, and recent Water Bill to prove her identity.

29.     In response to Plaintiff's Second Dispute, Lexis failed to correct any of the inaccurate information reporting on Plaintiff's Lexis Report.

30.     As of the date of this Complaint, Lexis continues to report inaccurate information on Plaintiff's Lexis Report.

## DAMAGES

31.     As a result of Lexis's unlawful reporting of the inaccurate information, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that she would be denied further credit as a result of the erroneous and incorrect reporting of the information, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

32.     Overall, Plaintiff suffered damage to her credit reputation as a result of Lexis's conduct.

33.     Plaintiff was denied car insurance by State Farm.

34.     Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter

against Lexis, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

35.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Lexis.

36.     As a result of Lexis's conduct, actions, and inactions, Plaintiff was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Lexis's derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the inaccurate information.

37.     Additionally, as a result of Lexis's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite disputing the inaccurate information, Plaintiff must simply endure Lexis's unlawful reporting.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

38.     Lexis is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure

7

maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

39.     Lexis willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the inaccurate information.

40.     Despite Plaintiff's repeated disputes advising Lexis of the inaccurate information and providing proof of the same, Lexis continued to unlawfully report the inaccurate information.

41.     Such reporting of the inaccurate information is false and evidences Lexis's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

42.     Overall, Lexis willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Lexis credit reports and credit file.

43.     As a result of Lexis's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making additional credit applications as she believed she would not be able to obtain favorable credit terms as a result of Lexis's derogatory and continued reporting of the inaccurate information and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the inaccurate information.

44.     Lexis's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

45.     Lexis's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE**
**SECTIONS 1681i(a)(1), i(a)(4), and i(a)(5)**

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further states as follows:

46.     Lexis is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

47.     Specifically, Lexis willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described

9

herein.

48.    Lexis's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

49.    Despite receiving Plaintiff's First and Second Dispute, which included proof of Plaintiff's identity, Lexis continued to report the inaccurate information.

50.    As such, Lexis's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff was inaccurate and Lexis failed to subsequently correct the inaccurate information in Plaintiff's credit reports and credit files.

51.    Such reporting is false and evidences Lexis's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

52.    Lexis's reinvestigations of Plaintiff's disputes were not conducted reasonably.

53.    Lexis's reinvestigations of Plaintiff's disputes were not conducted in good faith.

54.    Lexis's reinvestigation procedures are unreasonable.

55.    Lexis's re-investigations of Plaintiff's disputes were not conducted using all information and documents reasonably available to Lexis.

56.    As a result of Lexis's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making additional credit applications as she believed she would not be able to obtain favorable credit terms as a result of Lexis's derogatory and continued reporting of the inaccurate

information and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the inaccurate information.

57.     Lexis's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

58.     Lexis's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Lexis's conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against Lexis for maximum statutory damages for violations of the FCRA;

b.     Actual damages in an amount to be determined at trial;

c.     Compensatory damages in an amount to be determined at trial;

d.     Punitive damages in an amount to be determined at trial;

e.     An award of attorney's fees and costs; and

f.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
11300 4th Street North, Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*